# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

WALTER DUANE WHITE,

                Petitioner,

v.                                          CIVIL ACTION NO.  5:09-cv-00796

WARDEN BERKEBILE,

                Respondent.

## MEMORANDUM OPINION AND ORDER
## ADOPTING PROPOSED FINDINGS AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the *Proposed Findings and Recommendation* ("PF&R") (Document No. 6) of United States Magistrate Judge R. Clarke VanDervort.[1] On December 4, 2009, Magistrate Judge VanDervort submitted his proposed findings and recommendation wherein it is recommended that this Court grant Petitioner's Motion to Voluntary Withdraw Claims (Document No. 5) and dismiss Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 (Document No.1) without prejudice and remove this matter from the Court's docket.[2]

Objections to Magistrate Judge VanDervort's PF&R were due within seventeen (17) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P.6(d), 72(b)(2).  Specifically,

---

[1] By Standing Order entered on July 10, 2009, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  (Document No. 2).

[2] The Court observes that Petitioner neither submitted the applicable filing fee, nor filed an application to proceed *informa pauperis.*.

objections to the PF&R in this case were due on December 21, 2009. To date, no objections have been filed. This Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Court has reviewed the afore-mentioned motion and Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody, in which Petitioner challenges the computation of his criminal history points, given Amendment 709 to the United States Sentencing Guidelines.[3] On November 30, 2009, Petitioner advised the Court that he was being transferred to a "Federal Medical Center" and moved to withdraw his petition as moot since the named Defendant is no longer his custodian. (*See* Document No. 5.) At the time of this motion, the Court had not directed Defendant to file a responsive pleading to Petitioner's Petition. On these facts, the magistrate judge found it appropriate to grant the motion to voluntarily withdraw the petition pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(I) without prejudice.[4]

---

[3] Petitioner filed a similar motion in the Northern District of West Virginia on July 22, 2009. (*See United States v. White*, Criminal Action No.1:05-050, Document No. 237; *see also* Document Nos. 252, 253). Petitioner's motion was denied on July 29, 2009 by the assigned United States District Judge Irene M. Keely.

[4] The magistrate judge also found that Petitioner's petition could properly be construed a Motion to Vacate, Set Aside or Correct a Sentence, Pursuant to 28 U.S.C. § 2255, due to the nature of Petitioner's challenge of the validity of his sentence. In doing so, Magistrate Judge VanDervort found that dismissal would be warranted because Petitioner has proceeded under Section 2255 in the sentencing court on two separate occasions and has not obtained certification/authorization to file a second or successive motion from the Fourth Circuit Court of Appeals in this instance. (*See* PF&R at 5, n.4.) Inasmuch as these findings are an alternative ground for dismissal of Petitioner's claim, the Court so adopts.

Accordingly, the Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge as contained in the *Proposed Findings and Recommendation*. The Court does hereby **ORDER** that Petitioner's Motion to Voluntary Withdraw Claims (Document No. 5) be **GRANTED**; and Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody (Document No. 1) be **DISMISSED WITHOUT PREJUDICE**, pursuant to Rule 41(a)(1)(A)(I) of the Federal Rules of Civil Procedure.

The Court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to remove this matter from the Court's docket and to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:      July 28, 2010

_____
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA